STATE OF MINNESOTA                                   DISTRICT COURT

COUNTY OF HENNEPIN                                   FOURTH JUDICIAL DISTRICT

---

Donald Brown,
       Plaintiff,

v.                                                   SUMMONS

Experian Information Solutions, Inc.,

       Defendant.

---

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT(S)

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    LAW OFFICE OF BENNETT HARTZ
    IDS Center, Suite 900
    80 South 8th Street
    Minneapolis, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute

Dated: September 19, 2015      */s/ Bennett Hartz*
                                             Bennett Hartz (Bar No. 393136)
                                             LAW OFFICE OF BENNETT HARTZ
                                             IDS Center, Suite 900
                                             80 South 8th Street
                                             Minneapolis, MN 55402
                                             T (612) 424-0546
                                             F (612) 808-2911
                                             bennett@hartzlaw.org
                                             *Attorney for Plaintiff*

## ACKNOWLEDGEMENT

The Plaintiff, by its undersigned attorney, hereby acknowledges that sanctions may be imposed pursuant to Minnesota Statute § 549.211.

Dated: September 19, 2015      */s/ Bennett Hartz*
                                             Bennett Hartz (Bar No. 393136)

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Donald Brown, | |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Experian Information Solutions, Inc., | Court File No. _____ |
| Defendant. | Case Type: Civil Other |

*1.* Plaintiff Donald Brown ("Consumer") brings this action to address the violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, by Experian Information Solutions, Inc. ("Experian"), and to correct inaccuracies on his Experian credit report by requesting a declaration of rights under Minn. Stat. § 555.01.

## JURISDICTION, VENUE, AND PARTIES

2. Venue is proper because Experian's registered Minnesota address is located in Hennepin County.

3. Consumer is a natural person residing in Hennepin County and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Experian is an Ohio corporation with a registered Minnesota address of 100 S. Fifth Street, Suite 1075, Minneapolis, MN 55402. Its principal business is assembling consumer credit information for furnishing to third parties, making it a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) (commonly called a "credit

Page 1 of 5

bureau").

## THE FCRA DISPUTE PROCESS

5. The FCRA creates a dispute process in which a consumer may dispute inaccurate information on his or her credit report by sending a dispute to a credit bureau.

6. Under the FCRA, a credit bureau must "reasonably reinvestigate" consumer disputes it receives and forward the dispute to the furnisher of the information. 15 U.S.C. §§ 1681i(a)(1) & (a)(2).

7. This furnisher must review the dispute information provided by the credit bureau, investigate the disputed account, and update the credit bureau accordingly. 15 U.S.C. § 1681s-2(b).

8. The credit bureau must "record the current status of the disputed information" and provide this update to the consumer. 15 U.S.C. §§ 1681i(a)(1)(A), 1681i(a)(6).

## FACTS

9. Consumer filed a chapter 7 bankruptcy in the District of Minnesota on or about July 31, 2015. *See Minn. Bankr. Court File No. 15-42700.*

10. All of Consumer's creditors received notice of his bankruptcy filing.

11. Experian is also reporting Consumer's bankruptcy on his credit report. *See bankruptcy notation attached as* **EXHIBIT A**.

12. Despite this notice, one of Consumer's creditors, Best Buy/CBNA (CitiBank N.A.), continues to report Consumer's debt to Experian without any notation marking the account as included in bankruptcy as required to be correct.

13. Consumer disputed this inaccurately-reported account to Experian on August 17, 2015 using the FCRA dispute process set in 1681i.

14. His dispute stated that the account had been included in bankruptcy, and listed the date of its filing. *See dispute attached as* **EXHIBIT B**.

15. Experian responded to Consumer's dispute with a letter dated September 3, 2015.

16. Despite reporting Consumer's bankruptcy on his credit report, Experian failed to update the account to note his bankruptcy. *See dispute response attached as* **EXHIBIT C**.

## COUNT I: FAILURE TO INVESTIGATE CONSUMER DISPUTE

17. Consumer incorporates all other allegations as if set forth herein in full.

18. Credit bureaus must "conduct a reasonable reinvestigation" of consumer disputes:

> "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer . . . ." 15 U.S.C. § 1681i(a)(1)(A).

19. Experian reports Consumer's bankruptcy on his credit report, and thus had actual knowledge of its filing.

20. A cursory search of the public bankruptcy record would have shown Consumer's bankruptcy as well, and would have shown the account to be included in the filing.

21. Despite this, Experian continued to report Consumer's debt inaccurately following his dispute.

22. Experian did not reasonably reinvestigate the accuracy of the debt disputed by Consumer as required by 15 U.S.C. § 1681i(a)(1)(A).

23. This unwillingness to correct Consumer's credit report has defamed his character and harmed his credit.

24. Consumer has been forced to hire legal counsel to address Experian's failure to comply with the FCRA.

25. This violation has caused Consumer to suffer emotional distress, including frustration, confusion, and helplessness.

26. This violation was an abuse of Experian's tremendous influence and authority over consumer credit.

27. Consumer is entitled to actual damages in an amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Experian in an amount to be determined by the Court. 15 U.S.C. §§ 1681n(a), 1681o(a).

## COUNT II: DECLARATION OF RIGHTS

28. Consumer incorporates all other allegations as if set forth herein in full.

29. Minn. Stat. § 555.01 allows a party to seek a declaration of its rights under the law.

30. Consumer is entitled to a determination that all accounts listed in his bankruptcy must be marked as included in bankruptcy on his Experian credit report.

## JURY TRIAL

31. Consumer demands a trial by jury to the extent allowed by Minn. R. Civ. P. 38.01 and U.S. Const. Amend. 7.

## PRAYER FOR RELIEF

Consumer requests an Order from the Court granting the following relief:

1. Judgment in favor of Consumer and against Experian for actual damages in an amount to be determined at trial, $1,000 in statutory damages, the costs of this action, and a reasonable attorney's fee under 15 U.S.C. §§ 1681n(a), 1681o(a).

2. Judgment compelling Experian to report Consumer's scheduled debts as "included in bankruptcy" under Minn. Stat. § 555.01.

3. All other relief which the Court deems just and equitable.

Dated: September 19, 2015    /s/ Bennett Hartz
                             Bennett Hartz (Bar No. 393136)
                             LAW OFFICE OF BENNETT HARTZ
                             IDS Center, Suite 900
                             80 South 8th Street
                             Minneapolis, MN 55402
                             T (612) 424-0546
                             F (612) 808-2911
                             bennett@hartzlaw.org
                             *Attorney for Plaintiff*

## ACKNOWLEDGEMENT

The Plaintiff, by undersigned counsel, acknowledges that sanctions may be imposed under Minnesota Statute § 549.211.

Dated: September 19, 2015    /s/ Bennett Hartz
                             Bennett Hartz (Bar No. 393136)